IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JOSE ANTONIO SANCHEZ,                    Case No. 6:14-cv-724-AA
                                              OPINION AND ORDER
        Plaintiff,

    vs.

MARION COUNTY, ET AL.,

        Defendants.


Leonard R. Berman
Attorney at Law
4711 SW Huber Street, Suite E-3
Portland, Oregon 97219
    Attorney for plaintiff

Gerald L. Warren
Attorney at Law
901 Capitol Street NE
Salem, Oregon 97301
    Attorney for defendants


Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Jose Antonio Sanchez filed this action against defendants Marion County, Deputy Sphoon, Deputy Ramseyer, Deputy Johnson, Deputy Riedberger, ("deputies") and Seargent L. Martin, asserting excessive force, battery, negligence, and violation of the Americans with Disabilities Act ("ADA"). Plaintiff states he is moving for summary judgment on "all his claims," (doc. 38 at 2) yet fails to address both his battery and negligence claims. Accordingly, the Court will not address these claims and instead considers the pleading at bar as a motion for partial summary judgment on plaintiff's excessive force claim.[1]

For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

On June 18, 2012, plaintiff was arrested and lodged in the Marion County Jail. The arresting officer announced that plaintiff was disorderly and highly intoxicated. Although cameras recorded the visual events that occurred in the jail, they did not capture any audio.

---

[1] Defendants assert that plaintiff voluntarily dismissed his ADA claim because plaintiff stated: "plaintiff is entitled to summary judgment on all claims, save the ADA claim, which is conceded, due to 'no genuine issues of material fact.'" doc. 38 at 2. While the Court agrees that it is difficult to understand plaintiff's motion, the Court interprets plaintiff's statement as a concession that summary judgment is inappropriate for the ADA claim due to disputed issues of material fact. Accordingly, the ADA claim is not voluntarily dismissed nor subject to the scope of this motion.

Page 2 - OPINION AND ORDER

The Court observes the following facts from the videos. Deputies removed plaintiff from the patrol car and immediately lowered him to the ground. Deputies then escorted plaintiff in handcuffs to the booking area and performed a pat down search. They then lowered plaintiff to the floor. Deputies escorted plaintiff to an Emergency Restraint Chair ("ERC"). After deputies secured plaintiff in the ERC, plaintiff's head moved forcefully right to left, then in a circular motion. Two deputies' hands were on plaintiff's head as it moved. When deputies removed their hands, plaintiff's head continued to move for a few seconds then remained still. A few seconds later, plaintiff's head again moved forcefully back and forth while three deputies' hands were touching plaintiff's head. Plaintiff concedes he was intoxicated, blacked out, and has minimal memory of being in the ERC.

The following facts are in dispute. Defendants assert they took plaintiff to the ground in the garage and booking area because plaintiff was confrontational, threatening, and actively resistant. Plaintiff asserts that he was not confrontational, resistant, nor did he intend his verbal statements to be threats. Defendants allege that while plaintiff was in the ERC, plaintiff voluntarily moved his head left to right, so deputies placed their hands on plaintiff's head in order to protect plaintiff and fellow officers from injury. Plaintiff alleges that deputies pushed his head from side to side, and that he did not voluntarily, forcefully move his

head. Defendants allege that plaintiff's chronic headaches and neck pain began prior to these alleged incidents, whereas plaintiff asserts that due to the deputies' excessive force, plaintiff now suffers for the first time from chronic headaches and neck pain.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party fulfills its burden, the burden shifts to the non-moving party who must go beyond the pleadings to identify genuine issues of fact. Celotex Corp., 477 U.S. at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

Plaintiff brings a claim under 42 U.S.C. § 1983, asserting that defendants used excessive force against him in violation of his Fourth Amendment right to be secure against unreasonable seizures. U.S. Const. amend. IV. The critical question "is whether the use of force was 'objectively reasonable in light of the facts and circumstances confronting' the . . . officer[]."

Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). Courts analyze the reasonableness of force by carefully "balancing . . . 'the nature and quality of the intrusion of the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)).

Because the balancing inquiry is fact-specific, summary judgment is rarely granted for excessive force claims. Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). Whether a law enforcement officer was reasonable in applying force is typically a question best answered by a jury. Santos v. Gales, 287 F.3d 846, 853 (9th Cir. 2002); Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994). Excessive force cases "almost always turn on a jury's credibility determinations." Smith, 394 F.3d at 701.

This case is no different. Facts central to the objective reasonableness inquiry are clearly in dispute. The videos demonstrate that deputies used force against plaintiff when taking him to the ground. However, these videos do not definitively answer the material issue of reasonableness including whether plaintiff physically resisted deputies, the degree of force employed by deputies, and the extent of any resulting injuries. Furthermore, the video of plaintiff in the ERC with deputies' hands on plaintiff's head is conduct probative of force. Yet this video

does not clarify whether deputies were pushing plaintiff's head or if deputies were protecting plaintiff's head from voluntary movement. These differing renditions of the facts raise questions of credibility, which are properly resolved by the fact finder. Accordingly, summary judgment is denied as to plaintiff's excessive force claim.[2]

## CONCLUSION

Plaintiff's motion for partial summary judgment (doc. 38) on his excessive force claim is DENIED.

IT IS SO ORDERED.

Dated this 16 of February 2016.

_____
Ann Aiken
United States District Judge

---

[2] Plaintiff argues for summary judgment on punitive damages. Because there are issues of material fact on defendants' liability in this case, an award of punitive damages is inappropriate at this time. Accordingly, summary judgment is denied as to plaintiff's punitive damages.

Page 6 - OPINION AND ORDER