IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSÉ ANTONIO SÁNCHEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>MARION COUNTY, *et al.*,<br><br>    Defendants. | Case No. 6:14-cv-00724-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

Four years ago, plaintiff José Antonio Sánchez filed this civil rights action. He alleged that Marion County police deputies violated his civil rights and committed state-law torts against him in connection with his June 2012 arrest and detention for misdemeanor trespassing. Before me is Defendants' Second Motion to Dismiss for Failure to Prosecute. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

This case was filed in April 2014. Discovery was completed in about a year, by July 2015. Part of the evidence obtained through discovery was a video which appeared to show police officers batting plaintiff's head around while he is unconscious and strapped into a chair.

Plaintiff filed a motion for partial summary judgment, which was denied in February 2016. In October 2016, plaintiff's former lawyer, Leonard Berman, filed a motion to withdraw as counsel. That motion was based on Mr. Berman's difficulty communicating with defendant; Mr. Berman reported that defendant was "housing unstable" and went for stretches as long as six weeks without responding to email or phone contact. Berman Decl. ¶ 2, Oct. 6, 2016. In January 2017, after Mr. Berman's attempt to find co-counsel fell through, I granted Mr. Berman's motion to withdraw.

Over the next fifteen months, this case has made no progress. In May 2017, defendants filed a motion to dismiss for lack of prosecution. I issued in Order to Show Cause directing plaintiff to contact the Court and noting that "since January 2017 . . . [plaintiff] has not responded to the Court's attempts to contact him by phone and email." Doc. 73. Plaintiff responded to the order and I denied the motion to dismiss without prejudice. Shortly thereafter, plaintiff failed to appear for a scheduled telephonic status conference, which I set over. Doc. 79. For those telephonic status conferences plaintiff did attend, my Courtroom Deputy generally had to attempt to contact plaintiff many times before receiving a call back. I began adding a warning to minute orders to let plaintiff know that if he did not call into scheduled conferences, he risked dismissal of the case.

After Mr. Berman's withdrawal, plaintiff stated that he was interested in securing new representation. In the fall of 2017, my staff connected plaintiff to an attorney willing to talk to him about taking on his case *pro bono* or on contingency. That attorney reported that, despite multiple phone calls and emails, plaintiff could not be reached. He therefore was unable to represent plaintiff.

In October 2017, I referred this case to Magistrate Judge Thomas Coffin for a settlement negotiation. Plaintiff expressed substantial interest in a conference with Judge Coffin. The order referring the case to Judge Coffin stated that "[i]f plaintiff fails to contact Judge Coffin's chambers or fails to show up for the settlement conference without cause, the Court will entertain a motion for dismissal for failure to prosecute." Doc. 85. I also informed plaintiff of the possible consequences of failing to contact Judge Coffin during the telephone status conference. Plaintiff indicated he understood and would contact Judge Coffin. Nevertheless, by December 13, 2017, plaintiff had not contacted Judge Coffin's chambers. At that point, defendants filed their second motion to dismiss for failure to prosecute.

Plaintiff finally contacted Judge Coffin's chambers in January 2018, and a settlement conference was scheduled for February 28, 2018. I stayed consideration of the motion to dismiss pending the settlement conference. The day before that conference was to take place, plaintiff contacted Judge Coffin's chambers and stated that he would be unable to attend the conference because he had been arrested and was in jail, with an uncertain release date. I lifted the stay and issued an order directing plaintiff to file a response to defendants' motion to dismiss. Plaintiff responded with a three-page handwritten letter, mailed from the Marion County Jail. Although it is not entirely clear, plaintiff appears to agree to dismissal of this action; he says he will delete the video when he gets out of jail. The letter consists primarily of Bible verses and a discussion of three encounters plaintiff had with the police in 2014, 2016, and 2017. Plaintiff also asks me to compel the district attorney to hand over evidence related to the 2017 incident.

## STANDARD

Federal Rule of Civil Procedure 41(b) authorizes the defendant to move to dismiss an action if the plaintiff fails to prosecute. Fed. R. Civ. P. 41(b). When considering a motion to

dismiss for failure to prosecute, courts consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

## DISCUSSION

It is apparent from the record in this case that plaintiff struggles with substance abuse and possibly other mental health issues. He is housing unstable and only intermittently responsive to contact by phone or email. In my view, it is a tragedy that those barriers prevented this case from being resolved on the merits, either at a settlement conference or trial. I had plaintiff's challenges in mind when I gave him extra chances to appear for settlement conferences or respond to court orders. I directed my staff to find an attorney who would talk to him because I knew he would do much better if he had representation. At this point, staying this case and providing plaintiff yet another chance is far more likely to produce mere delay than to lead to a settlement or verdict. Reluctantly, I conclude that dismissal is the right course.

The public policy favoring disposition of cases on their merits always weighs against dismissal. But the remaining four of the five factors outlined above favor dismissal. This case is four years old, so the public's interest in expeditious resolution of litigation supports dismissal. This Court's need to manage its docket supports dismissal for the same reason. Most critically, the risk of prejudice to defendants here is quite strong. This case is already four years old; memories are fading and evidence is growing stale. It is unclear when plaintiff will be released from prison. It is also unclear when, if ever, he will be able to consistently respond to contact in the manner necessary to resolve this case. Keeping defendants on the hook indefinitely is itself a

harm—a harm that is unjustified by the faint possibility that this case would, if stayed, make it to settlement conference or trial. Finally, less drastic alternatives are not available in this case. Plaintiff is *pro se*, indigent and incarcerated. Monetary sanctions would be both cruel and pointless. I can think of nothing I can do that would compel plaintiff to respond consistently to communications, show up to a settlement conference or trial in the future, and present his case. Plaintiff's mental health barriers are simply too great to permit lesser sanctions to help here.

I note that plaintiff's letter to the court contains disturbing allegations about interactions with the police in 2014, 2016, and 2017, after this case was filed. Because this case is about an encounter with the police in 2012, I am unable to consider those allegations. Plaintiff must file a new lawsuit if he wants to pursue any claims against the police in connection with those incidents. Furthermore, I cannot help plaintiff with his request for evidence in the 2017 case because I have no authority to compel a state district attorney to hand over evidence in what appears to be a state-court criminal matter. Plaintiff indicates that he has a lawyer who is looking into the 2017 incident and I encourage him to continue to work with her on all issues related to that incident.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 41(b), defendants' motion to dismiss (doc. 89) is GRANTED and this case is DISMISSED for lack of prosecution.

IT IS SO ORDERED.

Dated this 30 day of April 2018.

Ann Aiken
United States District Judge